BOROUGH OF EATONTOWN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. THE AETNA CASUALTY AND SURETY COMPANY AND EDWARD P. HENRDICKSON, DEFENDANTS.

Argued January term, 1931—Decided August 12, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Arthur T. Vanderbilt.*

*Contra, McDermott, Enright & Carpenter.*

PER CURIAM.

This is plaintiff's rule for new trial based upon two grounds: (1) That the judge should have directed a verdict in its favor, and (2) that the verdict is against the weight of the evidence.

The action was to recover from the defendant Hendrickson, the collector of the township, and from his surety, the Aetna Casualty and Surety Company, a large sum of money alleged to have been received by him as collector and not accounted for during a period of years, beginning in 1921 and ending in 1926.

Judge Lawrence, upon the case being presented to him, and it appearing that it involved long and tedious accounting, referred the matter to Halsted Wainright, Esquire, as referee, defendant reserving the right of a jury trial. After hearings the referee reported the sum of $29,125.10 as a

shortage which, with interest, aggregated $34,328.75. Numerous exceptions were filed to the referee's report but no action seems to have been urged upon or taken by the court respecting them.

The case came on for trial under the reservation, the referee's report was offered in evidence, and the defendant's proofs consisting of a denial of a shortage and the calling of an expert accountant who attempted to discredit the referee's report as being improperly based, were offered.

The plaintiff's evidence in rebuttal consisted of the testimony of an expert who had already testified before the referee, verifying and justifying the findings of the referee, together with that of one of the councilmen who testified to an admission by the defendant that his shortage was substantial and of knowledge of an approaching meeting of council to deal with the situation. It was also shown that a few hours before this meeting a fire occurred in the defendant's home, destroying vital portions of the official books of account which had that afternoon been ordered turned over to an accountant for examination. There was a verdict for the defendants.

Counsel for the defendants on the rule seems to concede in his brief, and conceded in the oral argument on the rule, that a shortage of at least $1,100 was disclosed and undisputed, but contends that the jury's finding in favor of the defendant should not be disturbed on this account because the plaintiff's counsel had demanded before the jury that it render a verdict for the shortage claimed and as reported by the referee with slight amendment or a verdict for the defendants.

We do not see how we can regard this contention as it does not appear in the case what position counsel for the plaintiff took before the jury, but quite apart from the concession of this liability, it seems to us the proofs in the case require that there should be a new trial on the whole case based upon the weight of the evidence. While the books of the defendant were not available in many respects, particularly those showing cash received and cash accounted for,

the borough was able to show and did show tax receipts issued by the defendant aggregating the sum charged in the referee's account. From this were deducted all payments made by him to the borough treasurer and the shortage found by the referee resulted. It would seem that this was an entirely proper method of reaching a just result.

The expert accountant called by the defendant asserted in a general way that there were duplications in the receipts which would reduce or wipe out the balance shown, but was wholly unable on cross-examination to identify any substantial items of such duplication.

The impression made in reading the testimony is that the defendant was guilty of large abstractions of the borough's moneys; that he admitted the shortage to a councilman friend and recognized it by tendering his resignation on the eve of an investigation of his accounts. Whether the fire which resulted so opportunely was accidental or by design must be left to conjecture, with such suspicion as the circumstances may attach to it in view of his resignation and the fact that it occurred in the night following the afternoon when a demand for the books had been made.

The rule will be made absolute.